FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |
|---|---|
| IN RE:<br><br>INNOVATIVE COMMUNICATION<br>CORPORATION,<br><br>    Debtor.<br>_____<br><br>STAN SPRINGEL<br><br>    Plaintiff,<br><br>    v.<br><br>DAWN PROSSER,<br><br>    Defendant.<br>_____ | Civil No. 2008-43<br>Chapter 11 Case No. 07-30012 (JFK)<br><br><br><br><br><br>Civil No. 2008-43<br>Adv. Proc. No. 08-03003 (JFK) |
| STAN SPRINGEL<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY J. PROSSER, and DAWN<br>PROSSER,<br><br>    Defendants.<br>_____ | Civil No. 2008-54<br>Adv. Proc. No. 08-03002 (JFK) |

ATTORNEYS:

**Michaela C. Crocker, Esq.**
**James J. Lee. Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee.*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 2

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
          *For Dawn Prosser.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the motions of Dawn Prosser for withdrawal of this Court's automatic reference to the Bankruptcy Division of two different adversarial proceedings. For the reasons stated below, the Court will deny the motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

On January 31, 2008, Chapter 11 Trustee for the Innovative Communication Corporation, Stan Springel ("Springel"), commenced an adversarial action (the "Palm Beach Action") against Dawn Prosser and Jeffrey Prosser (the "Prossers") to recover the allegedly fraudulent transfer of the real property and improvements located at 252 El Bravo Way, Palm Beach, Florida, 33480 (the "Palm Beach Property").

On February 8, 2008, Springel commenced an adversarial action (the "Fraudulent Conveyance Action") against Dawn Prosser in the Bankruptcy Division to recover pre-petition fraudulent transfers and unauthorized post-petition transfers.

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 3

On March 5, 2008, Dawn Prosser timely filed an answer in the Palm Beach Action, in which she invoked her Fifth Amendment right against self-incrimination and demanded a trial by jury.

On March 12, 2008, Dawn Prosser timely filed an answer in the Fraudulent Conveyance Action, again invoking her Fifth Amendment right against self-incrimination and demanded a trial by jury.

Now, Dawn Prosser moves this Court for withdrawal of the reference of both the Palm Beach Action and the Fraudulent Conveyance Action, pursuant to 28 U.S.C. § 157(d)[1] ("Section 157(d)") and Federal Rule of Bankruptcy Procedure 5011[2] ("Rule 5011").

## II. ANALYSIS

### A. Timeliness

Although the parties do not raise the issue, in ruling on a motion for withdrawal of the reference to a bankruptcy court, the district court must first determine whether the motion was timely filed. *See* 28 U.S.C. § 157(d) (allowing district courts to grant a permissive withdrawal of reference "upon timely motion"); *see also In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting the

---

[1] Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (2005).

[2] Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." F.R.B.P. 5011(a) (1991).

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 4

existence of a timeliness requirement for motions to withdraw pursuant to Rule 157(d)).

Local Rule of Bankruptcy Procedure 9015-1 ("Rule 9015-1") provides:

> A.   The party making a jury trial demand shall file the demand with the Clerk of the Bankruptcy Court and serve all parties in interest.  If the demand is made by the moving party, it shall be endorsed on the front of the initial motion or pleading. The last date on which a demand for jury trial may be made by any party is fifteen (15) days after:
>
>   1.   an answer to a complaint, cross-claim or counterclaim is filed and served; or
>
>   2.   a response to a motion or objection is filed and served.
>
>                         . . .
>
> C.   Within thirty (30) days of filing, the demand the party  making the demand shall file with the Clerk and serve on all parties in interest:
>
>   1.   the consent of all parties to trial by jury in the Bankruptcy Court; or
>
>   2.   a motion to withdraw the reference to the District Court.  All proceedings shall continue in the Bankruptcy Court unless and until an order is issued by the District Court withdrawing the reference.
>
> D.   The failure to comply with this Local Bankruptcy Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court.

LRBP 9015-1 (2007).

In the Palm Beach Action, Dawn Prosser was required to demand a jury trial within fifteen days of her March 5, 2008, answer.  Clearly, as her jury demand was included with her answer to Springel's complaint, her demand was filed within the

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 5

deadline. Dawn Prosser was also required to file a motion to withdraw the reference within thirty days of her jury demand. Her March 28, 2008, motion was filed within that deadline.

In the Fraudulent Conveyance Action, Dawn Prosser was required to demand a jury trial within fifteen days of her March 12, 2008, answer. Because her jury demand was included in her answer, it was filed within the deadline. Additionally, Dawn Prosser was required to file a motion to withdraw the reference within thirty days of her jury demand. Her March 26, 2008, motion was filed within that deadline.

Accordingly, Dawn Prosser's demand for a jury trial and motion to withdraw the reference in both the Palm Beach Action and the Fraudulent Conveyance Action are timely.

**B. Merits**

Dawn Prosser contends that withdrawal of the reference is appropriate because she is entitled to a trial by jury on the claims asserted against her in the Palm Beach Action and the Fraudulent Conveyance Action. She further asserts that because those claims are purportedly "non-core," they must be tried to a jury.

Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether "cause" exists for discretionary withdrawal under Section

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 6

157(d), courts are to consider four factors: (1) promoting uniformity in bankruptcy administration, (2) reducing forum-shopping, (3) fostering economical use of debtors' and creditors' resources, and (4) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)

"The 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, Civ. No. 89-194, 1989 U.S. Dist. LEXIS 13215, at *12 (D. Del. Nov. 3, 1989) (citations and quotations omitted). "The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference." *In re EnvisioNet Computer Servs.*, Civ. No. 01-20952, 2002 U.S. Dist. LEXIS 6424, at *4 (D. Me. Apr. 11, 2002) (citing *Kaplan*, 1992 U.S. Dist. LEXIS 16130, at *8; *In re Larry's Apt., L.L.C.*, Civ. No. 96-1826, 1997 U.S. Dist. LEXIS 13881, at *8-9 (D. Ariz. Mar. 17, 1997)).

A bankruptcy court may not conduct a jury trial without the consent of the parties. *See* 28 U.S.C. § 157(e). As a consequence, a valid jury demand may mandate withdrawal to the district court for trial. *Growe v. Bilodard Inc.*, Misc. No. 05-00015, 2005 U.S. Dist. LEXIS 9537, at *3 (D. Me. May 19, 2005) (citations omitted). On the other hand, withdrawal need not be granted as a matter of course at any point during a proceeding in which a jury demand is made. *Id.; see also GE Capital Corp. v.*

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 7

*Teo*, Civ. No. 01-1686, 2001 U.S. Dist. LEXIS 22266, at *13 (D.N.J. Dec. 14, 2001) (not for publication) (noting that "the mere fact that a Defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy"); *Hayes v. Royala, Inc.*, No. 94-MC-99, 1995 U.S. Dist. LEXIS 3784, at *2 (E.D. Tex. Jan. 31, 1995).

"[A] district court . . . might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Accordingly, "a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe*, 2005 U.S. Dist. LEXIS 9537, at *4 (citing *In re Magnesium Corp. of America*, Civ. No. 04-1357, 2004 U.S. Dist. LEXIS 9389, at *9 (S.D.N.Y. May 24, 2004) (denying a withdrawal reference "without prejudice to its renewal when the bankruptcy court certifies that the adversary proceeding is ready for trial")).

In applying these standards, courts in the Third Circuit and in other jurisdictions have held that even where a district court may conduct a jury trial, a bankruptcy court may "preside over [an] adversary proceeding and adjudicate discovery disputes and

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 8

motions only until such time as the case is ready for trial." *See*, *e.g.*, *In re Lands End Leasing*, Case No. 93-36360, 1996 Bankr. LEXIS 306, at *29 (Bankr. D.N.J. Mar. 27, 1996) ("The court will therefore preside over this adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.") (citations omitted); *In re Keene Corp.*, Civ. No. 94-5776, 1995 U.S. Dist. LEXIS 6395, at *17 (S.D.N.Y. May 11, 1995) ("Since this adversary proceeding is in its initial stages, the bankruptcy judge is fully equipped with the tools to proceed with this matter without interference by the district court.  Therefore, the motion to withdraw the reference is not ripe at this time and will only become ripe if and when this matter proceeds to trial.") (citation omitted); *In re Adelphi Inst., Inc.*, Civ. No. 89-7203, 1990 U.S. Dist. LEXIS 3066, at *11 (S.D.N.Y. Mar. 21, 1990) ("The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial-ready.") (citation omitted).

   Here, Dawn Prosser makes no mention in her brief of any of the factors courts consider in determining whether cause for withdrawal of a reference exists as contemplated by Section 157(d).  The only ground for withdrawal Dawn Prosser asserts is her purported entitlement to a jury trial in the adversarial

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 9

proceeding because, in her view, that proceeding is appropriately characterized as "non-core."

The Court finds that several considerations disfavor withdrawal of the reference at this early stage of the adversarial proceeding. First, the Bankruptcy Division docket reflects that discovery in the Palm Beach Action is ongoing before the bankruptcy judge. The Bankruptcy Division docket also reveals that the bankruptcy judge is conducting ongoing pretrial proceedings in the Fraudulent Conveyance Action. As noted above, the Bankruptcy Division is in the best position to continue to address any issues that arise during the discovery process or during pretrial proceedings in the underlying adversarial actions. *See*, *e.g.*, *In re Nady*, Civ. No. 92-51, 1992 U.S. Dist. LEXIS 4007, at *5-6 (D. Nev. Feb. 5, 1992) (noting that "the bankruptcy judge could rule on discovery matters and submit its conclusions and recommendations as to dispositive motions such as motions to dismiss, motions for summary judgment, etc.").

Second, the Palm Beach Action and the Fraudulent Conveyance Action are inextricably bound up with two multifaceted bankruptcy cases that has been pending in the Bankruptcy Division for some time. The Bankruptcy Division is best placed to expedite the bankruptcy process. To withdraw the reference at this point would likely lead to delay as well as substantial and unnecessary expenditures of party resources. *See*, *e.g.*, *In re OCA, Inc.*, Civ. No. 06-3811, 2007 U.S. Dist. LEXIS 43230, at *9 (E.D. La. June

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 10

13, 2007) (finding that "the interests of judicial economy support denial of the motion to withdraw the reference"); *Growe*, 2005 U.S. Dist. LEXIS 9537, at *7-8 ("[J]udicial efficiency and the uniform administration of the bankruptcy code are better served by leaving this matter with the Bankruptcy Court until it is ready for trial."); *cf. Northwestern Institute of Psychiatry v. Travelers Indemnity Co.*, Misc. No. 01-151, 2001 U.S. Dist. LEXIS 18460, at *9-10 (E.D. Pa. Nov. 8, 2001) (finding that "the withdrawal of the entire reference will be a better use of the parties' resources").

Indeed, Dawn Prosser has failed to articulate any argument whatever that withdrawal would promote administration of the bankruptcy process or reduce forum shopping. *See*, *e.g.*, *In re Phillips Group, Inc.*, Civ. No. 05-1575, 2006 U.S. Dist. LEXIS 34111, at *9 (W.D. Pa. May 22, 2006) (finding "that denying the motion to withdraw will reduce forum shopping"); *In re American Capital Equipment, LLC*, Civ. No. 05-048, 2005 U.S. Dist. LEXIS 17291, at *11 (W.D. Pa. May 5, 2005) (denying a withdrawal motion where the movants "have not even alleged that withdrawal of the reference would reduce forum shopping or expedite the bankruptcy process").

### III. CONCLUSION

For the foregoing reasons, the motions of Dawn Prosser to withdraw the reference to the Bankruptcy Division of the Palm Beach Action and the Fraudulent Conveyance Action will be denied

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Memorandum Opinion
Page 11

without prejudice.  Dawn Prosser may renew her motion with respect to the Palm Beach Action or the Fraudulent Conveyance Action if and when the Bankruptcy Division certifies such action as trial-ready.

```
                                    S_____
                                       CURTIS V. GÓMEZ
                                         Chief Judge
```

**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| IN RE:<br><br>INNOVATIVE COMMUNICATION CORPORATION,<br><br>        Debtor.<br>_____ | Civil No. 2008-43<br><br>Chapter 11 Case No. 07-30012 (JFK) |
| STAN SPRINGEL<br><br>        Plaintiff,<br><br>  v.<br><br>DAWN PROSSER,<br><br>        Defendant.<br>_____ | Civil No. 2008-43<br><br>Adv. Proc. No. 08-03003 (JFK) |
| STAN SPRINGEL<br><br>        Plaintiff,<br><br>  v.<br><br>JEFFREY J. PROSSER, and DAWN PROSSER,<br><br>        Defendants.<br>_____ | Civil No. 2008-54<br><br>Adv. Proc. No. 08-03002 (JFK) |

ATTORNEYS:

Michaela C. Crocker, Esq.
James J. Lee. Esq.
Daniel C. Stewart, Esq.
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee.*

*Springel v. Prosser, et al.*
Civil No. 2008-43 & Civil No. 2008-54
Order
Page 2

**Robert F. Craig, Esq.**
Omaha, NE
   *For Jeffrey J. Prosser,*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
      *For Dawn Prosser.*


<u>**ORDER**</u>

**GÓMEZ, C.J.**

Before the Court are the motions of Dawn Prosser for withdrawal of this Court's automatic reference to the Bankruptcy Division of two different adversarial proceedings. For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the motions are **DENIED** without prejudice; it is further

**ORDERED** that all pending motions are **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.


                              S_____
                              **CURTIS V. GÓMEZ**
                              **Chief Judge**